Battle, J.
 

 The question in this case depends upon the proper construction of the Act of 1831, chap. 96, entitled “ an Act in addition to an Act passed at the last session of the General Agsembty of this State, in relation to the burning .of the records of the county of Hertfordthe provisions of which
 
 *119
 
 were applied by the Act of 1844, chap. 53, to the county of Montgomery, the records of which had been then recently burnt also.
 
 “
 
 There are,” says Mr. Justice Blackstone, “ three points to be considered in the construction of all remedial statutes; that is, how the common law stood at the making of the Act; what the mischief was for which the common law did not provide, and what remedy the Parliament hath provided to cure this mischief. And it is the business of the Judges so to construe the Act, as to suppress the mischief and advance the remedy1 Black. Com. 87, citing 3 Rep. 7. Co. Litt. 11 and 42. Now, with regard to the statutes under consideration: the common law required as evidence of title, under certain, circumstances, the production of certain records; the mischief was, that those records had, in the county of Montgomery, been entirely destroyed by the burning of the court house, so that they could not be produced; and the remedy provided was, that when a party claimed under a deed for lands executed by the sheriff, by virtue of an execution from any Court of the said county, the production of the deed should be
 
 prima facia
 
 evidence, that there was a valid judgment and execution, authorising the sale without the production of the record of the judgment and execution, or a copy thereof.
 

 "We think it almost certain, that the mischief in the contemplation of the Legislature, and that against which they intended to provide, was the loss of records upon which the validity of deeds then in existence depended. Such deeds could hardly be founded, as to their recitals, either in mistake or fraud, because the means of detecting it were easily accessible to the party to be affected by it. The law-makers could, in this view, confidently extend to those claiming under the deed, the remedy which they did provide, without fear of doing injustice to others. But if the remedy is to be as broad as is contended for by the plaintiff, there is very little, if any security for the rights of others. The officer through mistake, or fraud may, by executing deeds at any time, and making therein what recitals he pleases, deprive an owner of his lands or put him to great trouble and expense in rebutting the
 
 pri-
 
 
 *120
 

 ma facia
 
 case which the law sets up against him. This seems to us to be so manifestly unjust, that we cannot believe it was so intended by the Legislature. In this very case, the defendant is sought to be deprived of his land by the acts of a man who was out of office — and who professed to remember, and undertook to recite judgments and executions two years after the records had been destroyed. ¥e think that the Judge erred in his construction of the statute, and that in consequence of such error, the defendant is entitled a
 
 venire de novo.
 

 Pee Cueia^x. Judgment reversed.